# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

**BENESHA MCCALL,**

**Parent and Guardian of J.W., a Minor,**
Plaintiff,

v.

**ROBINS KAPLAN LLP,**

A Professional Law Firm,
Defendant.

Case No. [Insert]     25-cv-3710-KMM/DTS
Assigned Judge: [Insert]

RECEIVED
SEP 1 8 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

---

# VERIFIED COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, AND FRAUD ON THE COURT

## INTRODUCTION

1. Plaintiff Benesha McCall, as parent and guardian of J.W., brings this action against Robins Kaplan LLP for legal malpractice, breach of fiduciary duty, and conduct amounting to fraud on the court.
2. Defendant was appointed by the Court to provide competent, zealous, and constitutionally sound legal representation for a minor in a § 1983 civil rights action.
3. Defendant's deliberate abandonment of meritorious claims and refusal to substantiate their actions in writing constitutes actionable misconduct under state and federal law.



LT  SCANNED
SEP 1 9 2025
U.S. DISTRICT COURT MPLS

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), § 1343(a)(3) (civil rights violations), and supplemental jurisdiction under § 1367.
5. Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred here.

## PARTIES

6. Plaintiff Benesha McCall is the legal guardian and parent of J.W., a minor, and resides in the State of Minnesota.
7. Defendant Robins Kaplan LLP is a law firm licensed in Minnesota and engaged in the practice of law, including federally appointed pro bono matters.

## FACTUAL ALLEGATIONS

8. Plaintiff initiated a civil rights action on behalf of J.W. under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment, including racial discrimination and equal protection violations.
9. This Court appointed Robins Kaplan LLP as pro bono counsel after finding Plaintiff's claims colorable.
10. Defendant thereafter drafted an amended complaint that:
- Removed all claims against the school and school district;
- Omitted racial discrimination and equal protection claims previously acknowledged by the Court;
- Failed to include or transcribe audio recordings demonstrating false statements by school officials.
11. When asked for legal justification, Defendant refused to cite any legal authority, asserting only "20+ years of experience."
12. Defendant's removal of claims contradicted the Court's own findings and deprived the Plaintiff of due process and equal access to justice.

## CLAIM I: LEGAL MALPRACTICE

13. Defendant owed Plaintiff a duty of competent legal representation.
14. Defendant breached this duty by eliminating viable claims, ignoring exculpatory evidence, and refusing to document their legal reasoning.
15. As a proximate result, Plaintiff's constitutional claims were prejudiced, causing actual injury and diminished legal remedies.

## CLAIM II: BREACH OF FIDUCIARY DUTY

16. As court-appointed counsel, Defendant stood in a fiduciary capacity.
17. Defendant violated their fiduciary obligations by failing to act with loyalty, diligence, and candor.
18. Their actions undermined trust and harmed Plaintiff's legal interests.

## CLAIM III: FRAUD ON THE COURT

19. Defendant knowingly submitted an altered pleading that misrepresented the nature of the dispute and omitted material facts and claims.
20. This misconduct constitutes an obstruction of justice and fraud upon the judicial process under the Court's inherent authority.

# COUNT IV: GROSS NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

(28 U.S.C. §§ 1346(b), 2671–2680)

## PARTIES AND JURISDICTION

1. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
2. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), which waives sovereign immunity for negligent acts or omissions of federal employees acting within the scope of their employment.

## FACTUAL BASIS

3. Upon information and belief, one or more federally funded or federally directed attorneys—appointed or operating under federal auspices in connection with Plaintiff's civil rights case—committed acts and omissions amounting to gross negligence.
4. These actions included:
    - The removal of constitutional claims explicitly deemed colorable by this Court;
    - Willful disregard of evidence, including recorded audio contradicting the factual narrative advanced in pleadings;

- Refusal to cite or provide written legal authority supporting strategic decisions;
- Knowingly advancing a pleading that misrepresented the factual basis of Plaintiff's claims.

## LEGAL STANDARD

5. Gross negligence under federal law constitutes conduct so wanton, reckless, or indifferent to the rights of others that it demonstrates a conscious disregard for safety, rights, or duty.
6. The FTCA incorporates state law tort standards. Under Minnesota law (and analogous jurisdictions), gross negligence involves failure to exercise even slight care, or reckless disregard for others' safety or rights.

## APPLICATION

7. The federal actors assigned or supervised in Plaintiff's civil rights litigation acted with reckless indifference to Plaintiff's constitutionally protected interests.
8. Their conduct was not mere negligence, but a calculated disregard for:
   - Judicial findings affirming the viability of Plaintiff's claims;
   - The procedural posture of a minor's § 1983 case involving racial discrimination;
   - Their obligation as agents of the court to advance—not sabotage—the cause of justice.

## DAMAGES

9. As a direct and proximate result of the gross negligence described above, Plaintiff:
   - Suffered deprivation of legal remedies;
   - Lost meaningful access to redress for constitutional violations;
   - Endured further emotional and procedural harm in the context of a federally supervised litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Award compensatory damages for legal malpractice;
b. Declare a breach of fiduciary duty and order disgorgement of fees;

c. Refer the matter for investigation of professional misconduct;
d. Strike the defective Draft Amended Complaint;
e. Appoint substitute counsel for J.W. under the Court's prior order;
f. Permit Plaintiff to proceed pro se pending such appointment; and
g. Grant such further relief as the Court deems just and proper.

## CERTIFICATION & SIGNATURE

I declare under penalty of perjury that the foregoing is true and correct.

Date: [Insert Date]
/s/ Benesha McCall
Benesha McCall
Parent and Guardian of J.W., a Minor
[Address]
[Phone]
[Email]